**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**

Jeffrey Nichols,
    Plaintiff

vs
                                 Case number
                                 3:22cv703

Wade A Wallace            Plaintiff requests trial by Jury
    Defendant

## Complaint

Plaintiff Jeffrey Nichols by his attorney William J Stevens complains of defendant Wade A Wallace as follows.

1. Plaintiff Jeffrey Nichols is a citizen of the United States of America and  a citizen and resident of the State of Indiana.

2. Defendant Wade A Wallace police officer and deputy sheriff for the sheriff of La Porte County Indiana and at all relevant times alleged in this complaint was acting under color of law.

3.This complaint seeks redress and damages for violation of the laws of the United States, the Constitutional Rights of the plaintiff and the vindication of plaintiff's Civil Rights. Those rights are protected by 42 USC § 1981, 42 USC §

1983, the 4th Amendment to the United States Constitution, the 5th Amendment to the United States Constitution as violations of those rights are made applicable to the States and their officers by the 14th Amendment to the United States Constitution. This court has jurisdiction pursuant to 28 USC § 1331 (federal question) and 28 USC §1343 (civil rights claims).

4. On January 13, 2021 plaintiff was driving a rented 2020 Chrysler van with current and valid 2021 Tennessee license plate 5W1 8 Westbound on Interstate 80 in La Porte County in the Northern District of Indiana.

5. Plaintiff had his cruse control set at about 70 miles per hour and was keeping pace with other traffic.

6. Defendant Officer Wallace pulled his patrol vehicle out of his vantage point in the median and began to follow Plaintiff in the center lane.

7. Plaintiff reduced his speed to 65 miles per hour. Plaintiff signaled to move into the right hand lane and changed lanes.

8. Defendant followed Plaintiff for 3 to 5 miles and then activated his lights to pull Plaintiff over.

9. In violation of the rights secured to the Plaintiff by the 4th and 14th Amendments to the Constitution of the United States of America Defendant stopped the Plaintiff when there was no reasonable suspicion or lawful reason for the stop.

10. Defendant had Plaintiff get out of his car and into the passenger side of the patrol vehicle.

11. Defendant completed his investigation of supposed traffic violations as soon as he stopped the Plaintiff and yet he unlawfully detained Plaintiff in the police vehicle for 20 minutes after the stop.

12. Defendant questioned the Plaintiff while confined in the police vehicle without advising him of his right to remain silent or other rights in violation of the 5th and 14th Amendments to the Constitution of the United States.

13. Defendant offered Plaintiff no video or other evidence to back up the officer's claim that Plaintiff was speeding or changed lanes without signaling.

14. After 20 minutes of unlawful detention in the police vehicle Defendant released the Plaintiff.

15. Plaintiff, an African-American, has and had  the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. 42 USC § 1981.

16. Plaintiff had a well established Constitutional Right to be free from an arrest or traffic stop when there was no probable cause to believe that he committed an offense and when there was no warrant for his arrest. *Beck v Ohio* 379 U.S. 89 (1964).

17. In violation of the foregoing rights officer Wallace falsely contended that plaintiff had driven in violation of the traffic laws when in fact there was no probable cause to believe that plaintiff had  committed such  offenses.

18. Plaintiff had a well established Constitutional right not to have a traffic stop prolonged. *Rodriguez v. United States*  575 U.S. 348 (2015).

19. In violation of that right Officer Wallace had plaintiff exit his vehicle and detained him in the police vehicle for 20 minutes.

20.  As a direct and proximate result of the conduct of the defendant plaintiff has suffered a loss of liberty, emotional distress, humiliation, pain of racial discrimination, embarrassment and loss of enjoyment of life.

21. Plaintiff is entitled to punitive damages in that the defendants' conduct was reckless or callously indifferent to the plaintiff's federally protected rights or the defendants were motivated by an evil intent.

22. Plaintiff is entitled to attorney's fees and costs. 42 USC §1988

Wherefore plaintiff Jeffrey Nichols asks for judgment against defendant Wade A Wallace in such amount as the jury determines plus attorney's fees and costs.

 /s / William J Stevens 

William J. Stevens
Attorney for Plaintiff
Indiana Attorney # 1989-45
Box 747
Bridgman MI 49106
phone (269)469-1469
lawyer1bill@gmail.com